# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 23-1804V

|  |  |
|---|---|
| KATHERINE MARIE ROMO, as special administrator of, ESTATE OF DANIEL THOMAS ROMO,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 9, 2026 |

*Paul Adrian Green, Law Office of Paul Green, Pasadena, CA, for Petitioner.*

*Elizabeth Andary, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On October 13, 2023, Daniel Thomas Romo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On October 17, 2025, Katherine Marie Romo ("Petitioner") filed an Amended Petition as the special administrator of the estate of Mr. Romo after his death. ECF No. 25 ("Am. Pet."). The Amended Petition alleges that Mr. Romo suffered from Guillain-Barré Syndrome ("GBS") as a result of an October 17, 2022 influenza ("flu") vaccine. Am. Pet. at ¶¶ 2, 8. The Amended Petition further alleges that Mr. Romo suffered the residual effects of his injury for more than six months, and that there had been no

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

prior award or settlement of a civil action on his behalf as a result of his injury. *Id.* at ¶¶ 9-11. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 9, 2026, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report. Specifically, Respondent states that,

> [the Division of Injury Compensation Programs] has determined that [P]etitioner has satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation, which afford [P]etitioner a presumption of causation if the onset of GBS occurs between three and forty-two days after a seasonal flu vaccination and there is no apparent alternative cause. 42 C.F.R. § 100.3 (a)(XIV)(D), (c)(15). Therefore, based on the record as it now stands, [P]etitioner has satisfied all legal prerequisites for compensation under the Vaccine Act. *See* 42 U.S.C. § 300aa-13(a)(1); 42 U.S.C. § 300aa-11(c)(15).

*Id.* at 8. Respondent does not concede that Mr. Romo's death or any other injury were causally related to his receipt of the flu vaccine. *Id.* at 9 n.5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

2